# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TYLER DARNELL JOHNSON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | No. 4:09-CV-1600-CDP |
| ) | |
| OLIVER GLENN BOYER, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff Tyler Darnell Johnson's motion to proceed in forma pauperis [Doc. #2].[1] Plaintiff, an inmate at the Jefferson County Jail, has filed at least three previous cases that were dismissed as frivolous, malicious, or for failure to state a claim.[2] Under 28 U.S.C. § 1915(g), therefore, the Court may not grant the motion unless plaintiff "is under imminent danger of serious physical injury."

---

[1] The caption of the complaint lists the following seven plaintiffs: Tyler Johnson, James Hensley, Lee Siggers, James Boyd, Patrick Carroll, Shauwn Nettles, and Stephan Holland. Only Tyler Johnson has submitted a motion to proceed in forma pauperis and a certified copy of his inmate account statement. Because James Hensley, Lee Siggers, James Boyd, Patrick Carroll, Shauwn Nettles, and Stephan Holland have neither paid the filing fee nor submitted a motion to proceed in forma pauperis, the Court will strike them as party-plaintiffs to this action.

[2] See Johnson v. St. Louis City Justice Center, No. 4:07-CV-669-FRB (E.D. Mo.); Johnson v. Correctional Medical Services, No. 4:07-CV-2055-TIA (E.D. Mo.); Johnson v. Seymour, No. 4:07-CV-325-CAS (E.D. Mo.).

After reviewing the complaint, the Court finds no facts showing that plaintiff was in imminent danger of serious physical injury at the time he filed the instant action. Although plaintiff seeks an injunction to "prohibit defendants from murdering [him]," and he alleges that he is "subject to Nazi and Ku Klux Klan concepts and extreme violent behavior or hate crimes," his allegations are conclusory and lack factual support. Moreover, allegations of past misconduct and of events that allegedly occurred to other inmates do not satisfy the imminent danger requirement of § 1915(g). See Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003)(imminent danger of serious physical injury must exist at the time the complaint is filed). As a result, the Court will deny plaintiff's motion to proceed in forma pauperis and will dismiss this action without prejudice to refiling as a fully paid complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**, without prejudice, pursuant to 28 U.S.C. § 1915(g).

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this 10th day of December, 2009.

　　　　　　　　　　　　　　　　_/s/ Catherine D. Perry_
　　　　　　　　　　　　　　　　CATHERINE D. PERRY
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE